[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on June 18, 1988 in Danbury, Connecticut. By complaint dated September 11, 2000, the Wife instituted this action claiming a legal separation, sole custody of the minor children, child support, alimony, an equitable distribution of the marital assets and other relief as law and equity might provide.
On April 18, 2002 the Husband filed a Cross Claim claiming a dissolution of the marriage, distribution of the marital assets, joint custody of the minor children and other relief as law and equity might provide. Two minor children were born issue of this marriage: Katie A. Barren, born September 3, 1990 and Kimberly Barrett born November 19, 1994.
The Husband is age 49 and in good health. The Wife is age 48 and in CT Page 6935 good health. The primary fault for the break down of the marriage lies with the Husband who testified to two affairs he had during the course of this marriage.
The court finds that the Husband has been less than truthful about his financial situation. He claims to have expenses which in fact his girl friend testified that she was paying. He claims that his overtime has been reduced, which appears to have only happened since the date the divorce papers were filed. The Husband produced no evidence as to the unavailability of overtime. He has a second business which he claims has produced little or no income. This court finds that his credibility is questionable.
For many years before and after the marriage, the Wife was working in retail sales. The parties agreed after the birth of their first child that the Wife would stay at home with the child. The Wife cashed out her 401K with her employer in the approximate amount of $28,000.00. Over the course of the marriage the parties used those funds to help support the family. The Husband has been using the joint funds in the Ridgefield Bank accounts to wine and dine his girlfriend and has used those funds to purchase gifts for the girl friend. The girl friend has made purchases on behalf of the Husband including a Jeep Cherokee, a Harley-Davidson Motorcycle and at least one vacation to Mexico. The girl friend continues to make constant and reoccurring purchases for the Husband and provides for his support.
The Wife filed a Motion for Contempt for non-payment by the Husband of the pendente lite orders entered on October 16, 2002 for child support and alimony. The Husband claims that he did not understand the agreement, which he signed. He testified that he thought the payments were to be made every other week. However, the Wife's records (Exhibit 11) indicate that initially the Husband made the payments weekly. There is an arrearage found by this court to be $25,400.00 which resulted from the Husband paying every other week rather than the weekly. The Husband further failed to comply with the pendente lite orders to have his children get counseling in regards to his girl friend.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
 ORDERS: DISSOLUTION OF MARRIAGE
CT Page 6936
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on May 31, 2002.
 CUSTODY/VISITATION
The parties have agreed upon joint legal custody of the minor children with physical custody to the Wife. The Husband shall have the right of liberal, flexible and reasonable visitation with the children. However, the Husband's living arrangements at this time are not appropriate for overnight visitations. He is living with his girl friend and her 17 year old daughter in a one family house with the landlord living on the first floor. The landlord's children visit him on alternate weekends. There are not enough bedrooms in this house to accommodate all of the present people living there with their children, therefore, it would not be appropriate to have these two children stay overnight in the house. When the Husband's living arrangements change, he may petition the court of overnight visitations.
The pendente lite orders, entered on October 16, 2001, require that the children get counseling before the girlfriend is introduced to them. Unfortunately this was not done and much damage has been done to the children and their relationship with their father, particularly to the older daughter. Therefore, the Husband is ordered not to have the present girl friend or any future girl friends present during his visitations with his daughters until the children's therapist deem the children able to deal with the situation. The children shall immediately be provided therapy. Any costs associated with the therapy for the children shall be paid solely by the Husband.
 CHILD SUPPORT
The Husband shall pay to the Wife the sum of $227.00 per week as child support for the two children, said sum being in compliance with the Child Support Guidelines. An immediate income withholding order shall enter.
The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, mates, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first.
Notwithstanding that a child has reached the age of eighteen (18) years, if the child is full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as CT Page 6937 specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
The parties shall share the cost of work related day care for the children pursuant to the guidelines, the Wife's share being 47% and the Husband's share being 53%.
There is a pendente lite arrearage on alimony and child support in the amount of $25,400.00. The Husband is ordered to pay $45.00 per week on that arrearage, said sum to be secured by an immediate income withholding order. Further, the Husband is order to make a lump sum payment to the Wife of $10,000.00 on or before October 1, 2002.
The Wife shall take both children as dependents for federal income tax purposes.
For as long as the Husband is obligated to pay child support and/or alimony, the parties shall exchange their federal income tax returns by April 15th of each year.
The Husband has not yet completed the Parent Education Program. He is ordered to complete same by July 1, 2002 and be present in court on that date if he has failed to complete the program.
 ALIMONY
The Husband shall pay to the Wife periodic alimony of $150.00 per week for the term of seven (7) years, non-modifiable as to term unless sooner terminated by the death of either party, the Wife's remarriage, or the Wife's cohabitation as defined by statute.
 MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
The Husband shall maintain, at his sole expense, the present medical/dental insurance for the children as long as he is obligated to pay child support for said child.
Pursuant to the Child Support Guidelines, the Husband shall pay 53% of the unreimbursed medical/dental expenses and the Wife shall pay 47% of same.
The Wife shall not contact for any extraordinary expenses for the children without first consulting with the Husband except in case of emergencies.
The provisions of 46b-84 (e) shall apply. CT Page 6938
 MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage.
 LIFE INSURANCE
The Husband shall continue to maintain his present life insurance policy, as provided through his employment, with the Wife as beneficiary for as long as he is obligated to pay child support and/or alimony. The Husband shall provide proof to the Wife each year (on April 15th) of the policy conforming to these orders.
 PERSONAL PROPERTY
The parties have divided their personal property to their mutual satisfaction except that the Husband shall be entitled to the dresser which matches his bedroom set, the dining room table and chairs which belonged to his family.
 DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit. The Husband has represented that the bills which he was ordered to pay on October 16, 2000 have all been paid in frill. If any of those bills do remaining outstanding, the Husband is solely responsible for those bills and will indemnify and hold the Wife harmless in regards to same.
Further, the Husband is ordered to reimburse the Wife for the following bills: AOL in the amount of $95.60, the children's sports pictures in the amount of $49.00, attorney's fees to Attorney Marhoffer for the pretrial conference which the Husband did not attend in the amount of $375.00. These bills total $519.60 which the Husband must pay to the Wife within 60 days of the date of this dissolution.
 STOCKS, BANK ACCOUNTS, IRA'S AND PENSIONS
The parties shall equally divide all pensions, IRA accounts, 401K accounts and deferred compensation accounts as listed on their respective financial affidavits by means of a Qualified Domestic Relations Order, if needed. The parties shall equally share of the cost of preparing the necessary documents. Each party shall be awarded joint and survivorship benefits to protect each party in the event of the other's death. The Superior Court shall retain jurisdiction over these accounts until they CT Page 6939 are distributed between the parties and to resolve any disputes which may arise with regard to the preparation and execution of the QDRO.
However, the Husband shall continue to maintain the two American Funds 529 Accounts on behalf of the minor children and present an accounting to the Wife in regards to these accounts once a year (on April 15th each year).
Further, the Husband shall immediately pay to the Wife the sum of $2,000.00 representing disbursement from the Ridgefield Bank Accounts.
 ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees
 TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter.
 MOTOR VEHICLES
The parties shall be entitled to their motor vehicles as listed on their respective financial affidavits. Each party shall sign all necessary documents to effectuate this order within 30 days of the date of the dissolution.
 MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.